**In re NU–PROCESS BRAKE ENGINEERS, INC., Debtor.**

**NU–PROCESS BRAKE ENGINEERS, INC., Plaintiff,**

v.

**Duane BENTON, Director, Missouri Department of Revenue, Defendant.**

**Bankruptcy No. 90–01018–BKC–JJB. Adv. No. 90–0067–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 3, 1990.

IRS' second argument is unnecessary.

Edward J. Karfeld, St. Louis, Mo., for debtor.

Dept. of Revenue, State of Mo., Office of Gen. Counsel, Jefferson City, Mo., Shaun K. Baskett, Sr. Counsel, for defendant.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the request of the Debtor–In–Possession for an expedited hearing on its adversary complaint for injunctive relief. The complaint was filed on March 12, 1990 and the trial was commenced and concluded on March 13, 1990. The Court announced its findings and conclusions and orders from the bench at the conclusion of the testimony and argument. The matter appearing to be one of first impression in this District, these written findings and conclusions are being made a part of the record.

The Debtor's adversary complaint seeks to have the Debtor's revoked sales tax license reinstated by order of the Bankruptcy Court. The State of Missouri has argued that this complaint is something other than a core proceeding, and that the Bankruptcy Court should therefore abstain from hearing and deciding the issues. *See*, 28 U.S.C. § 1334(c).

The Missouri Statutes recognize the ability of a former license holder to reinstate a sales tax license after revocation. *See*, § 144.083.1 R.S.Mo.1986. This ability to reinstate a license is a state law interest held by a party whose license has been revoked. The Court finds and concludes that at the commencement of this case, the Debtor held a right under the laws of the State of Missouri to pursue reinstatement of a sales tax license; and that such right was and is an asset of the Chapter 11 Bankruptcy estate. *See generally*, Section 541, Title 11, United States Code. Therefore, this matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), in that it involves the administration of assets of the estate. The request of the State of Missouri that the Bankruptcy Court abstain from deciding this matter is denied.

The Debtor has requested that the Court determine that the pre-bankruptcy revocation of its sales tax license was improper, and that the license should therefore be reinstated. The Debtor argues that revocation of the sales tax license was not a remedy available to the State under Section 144.427.3, R.S.Mo.1986. This Section deals with agreements in connection with a compromise of delinquent taxes. It also discusses options available to the State of Missouri if there is a default in payment

under the terms of an agreement to compromise. These options do not include revocation of a sales tax license. However, the Debtor has failed to establish the existence of an agreement to compromise. Therefore, the arguments with respect to Section 144.427 are rejected.

■ Although the evidence at this trial did not include a recitation of all of the requirements necessary for revocation under State law, the Court finds and concludes that the Debtor's failure to pay the Missouri State Sales Taxes operated in law and in fact to cause the revocation of the Debtor's sales tax license prior to the commencement of this Chapter 11 reorganization case; and that this record has not established that the revocation was improper, illegal, or inconsistent with the laws of the State of Missouri.

The Debtor has requested that in the alternative, the Court order the State of Missouri to immediately reinstate the revoked license under the authority of 11 U.S.C. § 105 as it is necessary to the Debtor's efforts to reorganize. The facts and circumstances considered by the Court in this matter include the following: the Debtor has been negotiating for the sale of its business since about November, 1989; the Debtor has received an offer to purchase the business for an amount which would fully satisfy the known priority claims, all secured claims, and pay a substantial portion of the stated unsecured debt; the Debtor has been operating its business for several months under a forfeited corporate charter; and prior to the commencement of this case, the Debtor had become delinquent in its payments to creditors other than the State of Missouri.

■ The Court finds and concludes that the record here does not support a finding that the immediate reinstatement of the sales tax license is essential to the sale of the business; and that the Debtor has failed to show that any source of new financing is available, other than the offer to purchase the business which had not been accepted by the Debtor as of the date of this trial; and that the record has not otherwise established that should the Bank-

ruptcy Court grant the extraordinary relief requested here, the Debtor would be better able to submit or confirm a plan of reorganization.

■ In the appropriate circumstances, a Bankruptcy Court may direct a governmental entity to immediately take some affirmative action to cause the reinstatement of a license, so that the protections and rehabilitative benefits of Chapter 11 may be realized. Such an order is not to be entered casually, and when entered must be based upon a record not unlike that which is required to support a grant of an extraordinary remedy.

Prior to the commencement of the trial in this adversary proceeding, the Debtor had not initiated the State law procedures incidental to a request for reinstatement of a sales tax license. Although the Missouri law at Section 144.083, R.S.Mo.1986, requires that reinstatement of a revoked sales tax license must be preceded by payment of the amount due plus interest, the State has indicated in its Motion to dismiss this case that "after the filing of this Chapter 11 Petition, [it] does not intend to seek payment of pre-petition delinquencies from the Debtor in exchange for reinstating the sales tax license." (Para 8, State's Motion to Dismiss case).

In summary, the Debtor has not proven that the State's action in refusing to immediately reinstate the sales tax license is based upon the Debtor's failure to pay a pre-petition debt, and the circumstances in this case do not present a basis upon which the Bankruptcy Court may direct the State of Missouri to disregard the otherwise duly established provisions of State law and order that the sales tax license be immediately reinstated.

■ Notwithstanding the absence of cause to grant the Debtor's request for immediate relief, a review of the applicable reinstatement statute has disclosed that all back sales taxes must be paid by a former licensee prior to a reinstatement. See, § 144.083 R.S.Mo.1986. The Court finds this requirement to be a condition of reinstatement which is violative of 11 U.S.C.

§ 362 if applied in these circumstances, in that it requires pre-petition taxes to be paid in full before the agency will reinstate the license. *See, e.g., In re William Tell II, Inc.,* 38 B.R. 327 (N.C.Ill.1983); *In re Nashville White Trucks, Inc.,* 22 B.R. 578 (Bankr.M.D.Tenn.1982). Therefore, the Court has directed from the bench that the failure by a Debtor–In–Possession to immediately pay all pre-petition sales taxes cannot be the sole basis to refuse to reinstate a sales tax license.

After the Court announced its Orders from the bench and solicited suggestions for an expedited procedure for processing the Debtor's request for reinstatement of the sales tax license, counsel for both parties indicated that the previous forfeiture of the Debtor's corporate charter would prevent reinstatement of the license to a former licensee which is engaged solely in winding up its business affairs. The Court then announced that the Debtor–In–Possession is an entity which is attempting to reorganize under the Bankruptcy Code, and that the State of Missouri is to consider the Debtor–In–Possession as a business entity for purposes of a request for reinstatement of its corporate charter and reinstatement of its sales tax license.

The parties then agreed to continue their discussions in an attempt to resolve the Debtor's requests without an additional hearing. By a separate order, the Debtor's Complaint is granted in part and denied in part.

### ORDER

At Saint Louis, in this District, this 3rd day of October, 1990.

Upon consideration of the record as a whole, and consistent with the Findings and Conclusions entered separately in this matter,

IT IS ORDERED that this matter be concluded; and that the request of the State of Missouri, Defendant, that the Court abstain from this proceeding is DENIED; and that the Defendant's motion to dismiss or convert this Chapter 11 case is DENIED without prejudice; and

That the Complaint of the Debtor–In–Possession for an order directing that the State of Missouri immediately reinstate a sales tax license is DENIED; and

That the Debtor's other requests in this Complaint are GRANTED IN PART, in that the Defendant is enjoined and restrained from refusing to reinstate a sales tax license based solely upon the Debtor's failure to pay a pre-petition debt.